**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50001 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-02666-LAB |
| v. | |
| ANGEL LUIS BOZA-SEAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 21, 2014[**]

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Angel Luis Boza-Seas appeals from the district court's judgment and

challenges the 36-month sentence imposed following his guilty-plea conviction for

fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C.

§ 1546(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Boza-Seas contends that the district court procedurally erred by imposing sentence on the basis of its disagreement with the charge bargain offered by the government, and by failing to consider all of the 18 U.S.C. § 3553(a) sentencing factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010), and find none. The district court indicated that it was not basing Boza-Seas's sentence on the charge bargain, despite its disagreement with it. *See United States v. Wilkerson*, 208 F.3d 794, 799 (9th Cir. 2000) (finding no abuse of discretion in the district court's "mere expression of displeasure with a prosecutor's charging decisions"). Furthermore, the court adequately considered the section 3553(a) sentencing factors. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Boza-Seas also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Boza-Seas's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Boza-Seas's criminal and immigration history. *See id.*

**AFFIRMED.**

13-50001